IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEEL WAREHOUSE COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11–cv–162–MJR–SCW |
| ) | |
| LUYING YANG, ) | |
| ) | |
| Defendant. ) | |

# PRELIMINARY ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff Steel Warehouse Company LLC's ("Steel Wharehouse") Motion for Leave to Conduct Expedited Discovery (Doc. 11). This matter stems from Plaintiff's Complaint for Emergency Temporary Restraining Order, Preliminary and Permanent Injunction, and Damages (Doc. 2). In its Complaint, Plaintiff alleges that Defendant Yang without authorization accessed Plaintiff's secured computer network with Plaintiff's Vice President Gordon AuBuchon's password and copied, removed, altered and/or deleted information, documents, and/or date from the network. Defendant did not have Plaintiff's authorization to access the network. Since filing the Complaint, Plaintiff has also filed a motion for temporary restraining order (Docs. 4 & 5) which Judge Reagan granted on March 4, 2011 (Doc. 10) after holding a hearing on the motion (Doc. 9). As the temporary restraining order is only valid for fourteen (14) days, a hearing for a preliminary injunction is currently set for March 18, 2011 (Doc. 9). In the current motion, Plaintiff seeks to serve a request to produce on Defendant Yang as well as to take her deposition before the preliminary injunction hearing on March 18. Plaintiff argues that such expedited discovery is necessary in order to adequately argue its position at the preliminary injunction hearing and to determine the nature and scope of the

alleged security breach by Defendant Yang.

Under **FEDERAL RULE OF CIVIL PROCEDURE 26(d)** "[a] party may not seek discovery from any source before the parties have conferred as required by **Rule 26(f)**, except…when authorized by these rules, by stipulation, or by court order." As a **Rule 26(f)** scheduling conference has not yet been held, Plaintiff seeks an Order from this Court authorizing limited expedited discovery in order to properly address potential arguments at the preliminary injunction hearing. **Rule 26** authorizes early discovery by Court Order, particularly in instances involving "requests for a preliminary injunction." *See* **FED.R.CIV.P. 26(d), Advisory Committee's Notes (1993 Amendments).** As expedited discovery is not the norm, the party seeking the discovery must demonstrate the need for such discovery. **JOHN KIMPFLEN, J.D., ET AL., FEDERAL PROCEDURE § 26:25 (2011);** *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D.Ill. 2000).

Plaintiff first seeks to serve an expedited Request to Produce on Defendant in advance of the preliminary injunction hearing. Specifically, Plaintiff seeks for Defendant to produce any documents, communications, or computer images related to Steel Warehouse or related to or referencing Gordon AuBuchon which were obtained from Steel Warehouse's email system or computer network (*See* Doc. 11 Ex. A Request Nos. 1 & 2). Plaintiff further seeks to have Defendant produce her computer for inspection by Steel Warehouse. The Court finds that Requests No. 1 & 2 are both relevant to the preliminary injunction hearing and needed by Plaintiff in order to determine what information Defendant obtained from Plaintiff's network and Mr. AuBuchon's email system and to determine what information Defendant still has in her possession, issues that might arise in the course of the preliminary injunction hearing. However, the Court finds that Request No. 3 is not warranted for expedited discovery as Plaintiff has not demonstrated how a full inspection of Defendant's computer

by Plaintiff is necessary for the preliminary injunction hearing.[1] Plaintiff has not demonstrated its need for such an extensive inspection of Defendant's computer in excess of its other request to provide computer documents obtained from Plaintiff's network. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's request for expedited requests to produce. While the Court will allow the expedited service of Requests to Produce Nos. 1 & 2, the Court **DENIES** Plaintiff's request to submit Request to Produce No. 3 regarding the production of Defendant's computer for inspection. Further, while Plaintiff has requested that Defendant respond to the requests by March 9, 2011, the Court extends that proposed deadline and **ORDERS** Defendant to file her response by March 14, 2011. This will allow Defendant time to seek and obtain counsel if she has not done so already, and will allot her sufficient time to review her documents in order to accurately and completely respond to Requests Nos. 1 & 2.

In addition to the Requests to Produce, Plaintiff also seeks to depose Defendant by video deposition on Monday, March 14, 2011 in advance of the preliminary injunction hearing. Under **FED.R.CIV.P. 30(a)(2)(A)(iii)**, "[a] party must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(2)...if the parties have not stipulated to the deposition and...the party seeks to take the deposition before the time specified in Rule 26(b)." Here, the Court finds that the deposition is necessary in order to properly prepare for the preliminary injunction and to determine the extent and nature of the security breach. The Court also finds that the request is consistent with **Rule 26(b)(2)**. Therefore, the Court will allow Plaintiff to depose Defendant. While the Court **GRANTS** Plaintiff's request for expedited deposition, given that the Court has extended the deadline

---

[1] The Court notes that while it is denying Plaintiff's current request to inspect Defendant's computer, this does not prohibit Plaintiff from seeking such an inspection of Defendant's computer in the future. Such an inspection might be warranted should this case proceed to the discovery phase. However, at this time the Court finds that Plaintiff has not shown its "need" for such an extensive inspection at this point in the litigation.

for responding to the Requests to Produce, said deposition should not be held until **March 15, 2011** in order to allow Plaintiff time to properly respond to the requests to produce, obtain counsel, and prepare for the deposition.

Additionally, given the time constraints advanced in this Order and given the fact that Defendant will not receive electronic notification of this Order, the Court **DIRECTS** Plaintiff to serve Defendant *personally* with a copy of its motion and this Order by **Thursday, March 10, 2011**, along with copies of its modified Requests to Produce and Notice of Videotaped Deposition as stated in this Order. The Court further notes that this Order is preliminary in nature given that Defendant has not had sufficient time to respond to the motion.[2] As such, Defendant may file an objection to any part of this Order with the Court at any time prior to the first discovery deadline of **March 14, 2011.**

**IT IS SO ORDERED**.

DATED: March 8, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[2] The Court notes that at this early point in the litigation, summons on Defendant has not been executed and Defendant has not filed a responsive pleading nor has any counsel entered its appearance on her behalf.